IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARSON CONCRETE CORPORATION**<br>Plaintiff/ Petitioner<br><br>v.<br><br>**INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCED IRON WORKERS, AFL-CIO, LOCAL UNION 405**<br>Defendant/Respondent. | **CIVIL ACTION NO. 2:21-cv-02789** |

**MEMORANDUM**

**Baylson, J.**                                                                                                                                        **November 24, 2021**

## I.  PROCEDURAL HISTORY

Plaintiff Carson Concrete Corporation ("Plaintiff") initiated an arbitration pursuant to the parties' collective bargaining agreement. ECF No. 1, Ex. A. Defendant International Association of Bridge, Structural, Ornamental and Reinforced Iron Workers, AFL-CIO, Local Union 405's ("Defendant") fully participated in this arbitration, and on February 26, 2021, the arbitrator issued an award in Defendant's favor. Id.

On March 29, 2021, Plaintiff initiated this action in the Court of Common Pleas of Philadelphia County by filing a Petition to Vacate or Modify the Arbitration Award (the "Petition"). ECF No. 2 at 1–2. On June 14, 2021 the Court of Common Pleas entered an Order Modifying [the] Arbitration Award and Reducing Modified Award to Judgement (the "State Court Order" or the "Order"). ECF No. 2, Ex. B; ECF No. 3 at 2.

On June 23, 2021, Defendant removed this action from the Court of Common Pleas to this Court (ECF No. 1) and filed its Motion to Strike the Court of Common Pleas Order for Lack of

Service (ECF No. 2) because Defendant contends it was never served with notice of Plaintiff's Petition. See generally ECF Nos. 2, 4, 6, and 12. On July 7, 2021, Plaintiff responded (ECF No. 3) and on July 14, 2021 Defendant filed its Reply (ECF No. 4).

On July 23, 2021, Plaintiff filed its Motion to Remand Action to State Court ("the Motion to Remand" or "Plaintiff's Motion"). ECF No. 5. On August 6, 2021 Defendant responded (ECF No. 6) and on September 14, 2021 this Court held an in-person evidentiary hearing. ECF No. 10. At the close of the September 14th evidentiary hearing, this Court ordered supplemental briefing limited to the applicability of the Rooker-Feldman doctrine to the instant action. The parties timely filed their supplemental briefing (see ECF Nos. 12 and 13 respectively), and the Court now considers Plaintiff's Motion to Remand and Defendant's Motion to Strike.

## II. PARTIES' CONTENTIONS

### A. Defendant's Motion to Strike

Defendant filed a Motion to Strike the Court of Common Pleas Philadelphia County Order for Lack of Service (the "Motion to Strike" or "Defendant's Motion"). ECF No. 2. Defendant argues this Court may strike a consent judgment to "remedy a fatal defect or irregularity appearing on the face of the record or judgment." ECF No. 2 at 2 (quoting F.D.I.C. v. Deglau, 207 F.3d 153, 159 (3d Cir. 2000)). Defendant argues the State Court Order's "fatal defect" is its lack of procedural due process because it was issued before Defendant was served with notice of Plaintiff's Petition to Modify or Vacate the Award. ECF 2 at 2–3.

Plaintiff counterargues this Court lacks subject matter jurisdiction over Defendant's Motion to Strike for two reasons: i) because Defendant improperly removed this case after a final state court judgment, the State Court Order, was entered; and ii) because the Rooker-Feldman

2

doctrine precludes this Court from exercising subject matter jurisdiction over Defendant's Motion. See generally ECF No. 3.

Defendant argues its removal was proper because the State Court Order cannot be considered a final state court judgment as it was issued without Defendant ever receiving notice of Plaintiff's Petition. ECF No. 4 at 3. For the same reason, that the State Court Order is *void ab initio*, Defendant argues Rooker-Feldman does not prohibit this Court's jurisdiction over the Motion to Strike. ECF No. 4 at 3–4.

### B. Plaintiff's Motion to Remand

Plaintiff filed a Motion to Remand Action to State Court (ECF No. 5) arguing remand is appropriate because this Court lacks subject matter jurisdiction. See generally ECF No. 5. In support of its Motion to Remand, Plaintiff recycled the same two jurisdictional arguments it made against the Motion to Strike: i) the State Court Order was a final judgment, so Defendant's removal of this action into federal court was improper, and ii) the Rooker-Feldman doctrine precludes this Court from reviewing a state court judgment that completely terminated the state court action. ECF No. 5 at 3. Plaintiff denounces Defendant's Motion to Strike argument—that this Court has federal question subject matter jurisdiction because the underlying dispute from which the arbitration award arose was governed by the Labor Management Relations Act ("LMRA")—countering this Court does not have *exclusive* jurisdiction to decide questions of the LMRA. ECF No. 4. Because state courts are "competent and permitted to decide questions of federal law" Plaintiff contends there is no need for this case to remain before this Court. ECF No. 5 at 4.

Defendant's arguments against remand are the same ones it made in support of its Motion to Strike: (i) the State Court Order was not a final judgment, rather it was *void ab initio* for lack of due process; and (ii) Rooker-Feldman does not apply to this Court's jurisdiction to strike void

3

orders. See generally ECF No. 6. Defendant doubles down on its removal's validity by arguing this Court has subject matter jurisdiction over the present dispute pursuant to 29 U.S.C. § 185(a).[1] ECF No. 6 at 2–3. Because this arbitration award arose from a labor dispute and was the product of a collective bargaining agreement ("CBA"), Defendant argues the Labor Management Relations Act vests this Court with subject matter jurisdiction. Id.

## III. DISCUSSION

This Court lacks subject matter jurisdiction over the instant action for several reasons: (i) Defendant improperly removed this action after the entry of a final state court judgment; and (ii) 28 U.S.C. § 1331, the Federal Arbitration Act, and 28 U.S.C. § 185 do not confer jurisdiction to this Court over Defendant's removal action. Accordingly, Plaintiff's Motion to Remand is **GRANTED** and Defendant's Motion to Strike is **DENIED AS MOOT**.

### A. Defendant's Removal was Improper

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action originally filed in state court to this Court if this court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). "The defendant[] bear[s] the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

Plaintiff filed its Motion to Remand pursuant to 28 U.S.C. § 1447 which provides in relevant part, "If at any time before final judgment it appears that the district court lacks subject

---

[1] "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

4

matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Remand to the Court of Common Pleas is therefore appropriate "for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." Ramos v. Quinn, 631 F.Supp.2d 601, 607 (E.D. Pa. 2008) (quoting PAS Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993)).  When deciding a motion to remand for lack of subject matter jurisdiction, removal statutes are to be "strictly construed against removal and all doubts should be resolved in favor of remand." Boyer, 913 F.2d at 111; Johnson, 724 F.3d at 346; Andrews v. Nike, Inc., 2021 WL 5042460, at *1 (E.D. Pa. Oct. 29, 2021).

1. Defendant Improperly Removed this Action after a Final State Court Judgment was Entered

Defendant's removal is improper because it came after a final state court judgment was entered.  A case cannot be removed from state court into federal district court after a state court judgment that terminates the state court litigation has been entered.  See Mestice v. McShea, 201 F.2d 363 (3d Cir. 1953) (reversing district court's decision to dismiss petition for removal of proceeding from state court to federal court because "the state litigation terminated in a judgment which is now final . . . is res judicata.").  Any alleged constitutional defects the State Court Order may possess cannot be reviewed nor adjudicated by this Court at this time.  Infra Section II(B)(4).  However, where this Court must construe the removal statutes against removal and resolve all doubts in favor of remand, this Court defers to the Court of Common Pleas' treatment of its own Order.

It is clear on the face of the Court of Common Pleas docket that the Court of Common Pleas considers its State Court Order to be the final disposition of the matter between the parties.  First, the June 14, 2021 docket entry for the Order reads: "Order Entered- Final Dispos."[2]  ECF

---

[2] This Court assumes "Final Dispos." reflects the state court clerk's shorthand for "disposition."

No. 1, Ex. C.  Second, the final docket entry for notice of the State Court Order states "Order Entered- Final Dispos Entered on [June 14, 2021]."  Id.  Third, next to case status, the docket reads "Order Entered- Final Dispos."  Id.  Fourth, where the docket states the case type is "Vacate/Modify Award" and where the State Court Order is titled "Order Modifying Arbitration Award and Reducing Modified Award to Judgment", this Court deduces the Court of Common Pleas treats the State Court Order as the final disposition of the parties' case.

The language of the State Court Order suggests the same conclusion.  First, the State Court Order considered "[Plaintiff's] Petition to Vacate or Modify Arbitration Award and to Confirm Award, as Modified, ***any response thereto*** and good cause appearing therefor."  See ECF No. 2, Ex. B (emphasis added).  Second, the State Court Order enters judgement "in favor of [Plaintiff] and against [Defendant] on the award, as modified, in the amount of $149,900, together with pre-judgment interest of $32,986.23 and post-judgment interest continuing until paid."  Id.  Because the Court of Common Pleas decided both liability in favor of Plaintiff and ordered a remedy, nothing remains for the Court of Common Pleas to adjudicate, and as such the State Court Order can be considered a final judgment for the limited purposes of this Motion to Remand.[3]

2. This Court Lacks Subject Matter Jurisdiction over the Removal Action

Defendant argues this Court has subject matter jurisdiction over the present dispute pursuant to 29 U.S.C. §§ 185(a) and (c).  ECF No. 6 at 2–3.  Although Section 185(a) vests this Court with original jurisdiction over "suits for violation of contracts between an employer and a

---

[3] In deferring to the Court of Common Pleas docket and the language contained in the State Court Order, this Memorandum does not opine on the constitutionality, validity, or propriety of the State Court Order because to do so would implicate an exercise of jurisdiction the Rooker-Feldman doctrine prohibits this Court from undertaking.  Instead, this Court determines the State Court Order is facially final for the limited purpose of this Motion to Remand because it must draw all doubts in favor of remand and because it defers to the state court's treatment of its own order to ascertain the Order's finality.

6

labor organization representing employees in an industry affecting commerce," Defendant's removal action implicates no such suit. There is no underlying action alleging the violation of a contract between an employer and a labor organization now before the Court of Common Pleas.[4] All that took place in the Court of Common Pleas was an arbitration, an entry of an arbitration award, and a state court order vacating that award. There is no pleading identifying any cause of action pursuant to 29 U.S.C. § 185(a), and so there is no suit.[5] And regardless of the nonexistence of an underlying suit embodied by any pleadings, this Court still cannot ignore the fact that the Court of Common Pleas docket treats the State Court Order as the final disposition of the state court proceedings. See ECF 1, Ex. C; infra Section II(B)(1)–(4).

Of equal importance are the practical improprieties of Defendant's removal. Plaintiff initiated this arbitration pursuant to the parties' collective bargaining agreement. ECF No. 1, Ex A. At that time, Defendant could have likely removed this action to federal court. Defendant presently contends this Court has jurisdiction because the "Federal Arbitration Act applies to collective bargaining agreements" (ECF No. 1 ¶ 17) but Defendant misses the point: Defendant was aware of Plaintiff's initiation of the arbitration; Defendant participated in the arbitration; Defendant won the arbitration; and only now, after the state court modified the arbitration award against Defendant's favor and entered a final judgment as such, does Defendant seek to remove

---

[4] This Court agrees 28 U.S.C. § 185(a) vests it with authority to adjudicate "suits for violation of contracts between an employer and a labor organization representing employees in an industry." It is worth nothing Defendant could potentially initiate a new action in federal court stating cause of actions pursuant to § 185(a) or arising from the United States Constitution and styling its relief as a declaratory judgment vacating an arbitration award. This Court does not weigh in on the potential for Defendant's success should it pursue this alternative.

[5] The same conclusion is justified in response to Defendant's argument this Court has federal question jurisdiction under 28 U.S.C. § 1331. There has been no pleading filed, in state or federal district court, outlining a cause of action pursuant to any federal law.

7

this case into federal court. Defendant cannot enjoy its state court successes but then once it suffers a defeat there, remove this action to federal court for relief. Defendant may have been able to remove this action to federal court after the arbitrator entered its original award because that arbitration award was not a judgment.[6] Neither counsel nor this Court has found factually similar precedent, but this Court's decision rests on the fact that Defendant had every opportunity to remove this action before the entry of the State Court Order and chose not to. In removing it after the State Court Order was entered, Defendant's removal is untimely, so this Court lacks jurisdiction over it.

### B. This Court Lacks Jurisdiction to Decide Defendant's Motion to Strike Because the Rooker-Feldman Doctrine Applies

The Rooker-Feldman doctrine "precludes a United States district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." Holton v. Henon, 832 F. App'x 781, 783 (3d Cir. 2020) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). In short, lower federal courts may not exercise appellate jurisdiction over final state-court judgments. Lance v. Dennis, 546 U.S. 459, 463 (U.S. 2006). Specifically, Rooker Feldman applies to cases: i) brought by state court losers; ii) wherein the federal plaintiff complains of injuries caused by an adverse state court judgment; iii) that was rendered before the district court proceedings commenced; and iv) the federal plaintiff invites the district court to review and reject the state court judgment. Exxon Mobil Corp., 544 U.S. at 284; Holton, 832 F. App'x at 784. All four requirements needed to trigger Rooker-Feldman applicability are present here.

#### 1. Defendant is a State Court Loser

---

[6] Defendant appears to argue because it did not receive notice of Plaintiff's Petition that it could not exercise its right to removal, but this is incorrect. Defendant may have been able to remove this action once Plaintiff initiated this arbitration in state court, but Defendant chose not to.

8

The first element of Rooker-Feldman applicability—that the federal action is brought by the "state court loser"— is satisfied because the State Court Order issues liability and damages on Plaintiff's Petition against Defendant. Exxon Mobil Corp., 544 U.S. at 284.

Defendant is a state court loser because the State Court Order fully adjudicated Plaintiff's Petition in Plaintiff's favor.  Defendant did need not need "actually litigate" its claims regarding the Petition before the Court of Common Pleas to be considered a state court loser. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 170 (3d Cir. 2010) ("When a federal plaintiff brings a claim, ***whether or not raised in state court***, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment.") (emphasis added)); see also Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1141 (10th Cir. 2006) ("[T]he purpose of the term [inextricably intertwined] is to highlight that a challenge to a [state] judgment is barred ***even if the claim forming the basis of the challenge was not raised in the state proceedings***.  Such a claim, despite not being specifically resolved by the [state] judgment, is, for Rooker purposes, 'inextricably intertwined' with the judgment.") (emphasis added)).  Therefore, this Court finds Defendant is a state court loser for purposes of Rooker-Feldman applicability.

2. <u>Defendant Complains of an Injury Caused by the State Court Order</u>

The State Court Order vacated the arbitration award, originally issued in favor of Defendant, and instead issued a new, larger award to Plaintiff.  ECF No. 2, Ex B.  Defendant contends its procedural due process rights were violated because the State Court Order was issued without Defendant receiving notice of Plaintiff's Petition to Vacate or Modify the Award.  But this type of challenge to the State Court Order is exactly the type of challenge this Court lacks jurisdiction to adjudicate.  D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983) (federal

9

district courts do not have jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). So, regardless of whether Defendant's injury is constitutional or financial, Defendant nonetheless contends the State Court Order injures it. Therefore, the second element of Rooker-Feldman applicability is satisfied.

### 3. The State Court Order was Issued Before Defendant Removed this Action

The State Court Order was issued on June 14, 2021 (ECF No. 2 Ex B) and Defendant removed this action on June 23, 2021. ECF No. 1. Therefore, the third Rooker-Feldman element—that the state court judgment was rendered before the federal proceedings commenced—is satisfied. Exxon Mobil Corp., 544 U.S. at 284.

### 4. Defendant's Motion to Strike Improperly Invites this Court to Review the Propriety of the State Court Order

The fourth element of the Rooker-Feldman doctrine is satisfied because Defendant's Motion to Strike seeks federal review of a state court judgment. The Rooker-Feldman doctrine is triggered when the federal plaintiff "seeks federal review and rejection of the state court judgment." Great W. Mining, 615 F.3d at 166 (quoting Exxon Mobil Corp., 544 U.S. at 284. Even if the federal plaintiff does not explicitly request the district court sit in appellate review of the state court judgment, the Rooker-Feldman doctrine still bars a district court's jurisdiction if the *substance* of the federal plaintiff's motion seeks appellate review. See Johnson v. De Grandy, 512 U.S. 997, 1005–1006 (1994) ("a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); see also McKnight v. Baker, 244 Fed. Appx. 442, 444 (3d Cir. 2007) (rejecting federal plaintiff's argument his action did not seek improper appeal of Court of Common Pleas of Philadelphia County final

custody order because "it is abundantly clear that the crux of his complaint" asked the district court to reverse the state court order, reasoning "it is hard to imagine a case which more directly asks a district court to review the actions of a state court.").

Despite Defendant's stylization of its Motion to Strike as a request to strike "a mistake arising from an oversight and/or error", it is clear *the substance* of Defendant's Motion, is a request for this Court to adjudicate the constitutionality of the State Court Order; such an exercise is one of appellate review prohibited by Rooker-Feldman. Defendant's Motion unequivocally requests this Court to undo the actions of the State Court Order as the Motion is quite literally a Motion to Strike the Order from the record.[7] Defendant argues the State Court Order is *void ab initio*, in want of due process, and is procedurally deficient, but to grant Defendant the relief it seeks, this Court would necessarily need to undertake appellate analysis of the State Court Order's constitutionality. By striking the State Court Order, this Court would inherently make a legal determination of the unconstitutionality of the State Court Order for a lack of due process. This analysis is plainly barred by the Rooker-Feldman doctrine.[8] As this Court lacks jurisdiction to "entertain a proceeding to reverse or modify [a state court] judgment for errors" (Rooker v. Fidelity

---

[7] Complete Bus. Sols. Grp., Inc. v. Sunrooms Am., Inc., 474 F. Supp. 3d 693, 696 (E.D. Pa. 2020) ("By filing a petition to strike or open the judgment, [the state court defendants] are seeking federal review and rejection of the state court judgment, thus satisfying the fourth element.").

[8] Moreover, Defendant loses nothing by this Court's decision to remand this action back to the state court because any purported defects with the State Court Order may be adjudicated by state appellate courts. Defendant can obtain the same relief it seeks before this Court from the state court appellate system.

Trust Co., 263 U.S. 413, 416 (1923)), it lacks jurisdiction to strike the State Court Order in its entirety for an alleged constitutional defect.[9]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED** and Defendant's Motion to Strike is **DENIED as moot**. An appropriate Order follows.

O:\CIVIL 21\21-2789 Carson Concrete Corp v. International Assoc of BSO and Reinforced Iron Workers Local 405\Carson Concrete Memo re Rooker Feldman.docx

---

[9] Defendant's argument that the strike is simply an exercise in case management is unpersuasive. Principles of "case management" cannot be said to facilitate a strike when the State Court Order is the only decision on the Court of Common Pleas docket.